UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMAR MASON,

               Plaintiff,

    v.                               CAUSE NO. 3:20-CV-583 DRL-MGG

HYATTE, PORTER, and JAKE
KIENIGER,

               Defendants.

OPINION AND ORDER

Jamar Mason, a prisoner without a lawyer, filed a complaint alleging he was unnecessarily given Narcan and left handcuffed behind his back for twelve hours. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Mason names three defendants, but he only mentions one of them in the body of the complaint. There is no description of how Warden Hyatte or Captain Jake Kieniger were personally involved in any of the events at issue in this case. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George*

*v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The complaint doesn't state a claim against Warden Hyatte or Captain Jake Kieniger.

The complaint alleges Sergeant Porter told Mr. Mason that he looked like he was about to fall over. As a result, Sergeant Porter signaled a medical emergency. Mr. Mason says he was winded from having just run several flights of stairs, but that he was not having a medical emergency. Neither the complaint nor the supporting statement[1] mention Sergeant Porter doing anything else.

"In order for a prison official to be liable under the Eighth Amendment, two requirements must be met. First, the inmate must demonstrate that the deprivation suffered was, objectively, sufficiently serious. That is, the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Williams v. Shah*, 927 F.3d 476, 479–80 (7th Cir. 2019) (quotation marks and citation omitted). "Second, the inmate must demonstrate that the prison official had a sufficiently culpable state of mind. In a case involving prison conditions, that state of mind is deliberate indifference to inmate health or safety." *Id.* at 480.

Here, the complaint does not allege facts demonstrating either. Even if Sergeant Porter mistakenly believed Mr. Mason was having a medical emergency, that did not deprive him of the minimal civilized measure of life's necessities. Nor are there any facts from which it can be plausibly inferred that Sergeant Porter's "mistake" was as a result

---

[1] The statement is titled "Affidavit in Support of Prisoner Complaint," but it is not an affidavit because it is not notarized nor otherwise submitted under oath or penalty of perjury.

2

of deliberate indifference. Indeed, it appears he was acting with conscious consideration of a perceived need. The complaint doesn't state a claim against Sergeant Porter.

This complaint does not state a claim against any of the three named defendants. Nevertheless, Mr. Mason may file an amended complaint if he believes he can file a complaint based on these events which would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form, he needs to send it to the clerk.

For these reasons, the court:

(1) GRANTS Jamar Mason until **September 24, 2021**, to file an amended complaint; and

(2) CAUTIONS Jamar Mason if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 20, 2021                                             *s/ Damon R. Leichty*
                                                            Judge, United States District Court